UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE WHITTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 9423 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Bruce Whittler filed this action against Defendant Midland Funding, LLC ("Midland"), alleging that Midland violated the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, when Midland filed suit to collect a debt in Richard J. Daley Center Court house as opposed to the Markham Courthouse. Filing suit to collect a debt in the wrong venue allegedly caused Whittler suffer from anxiety, anguish, and emotional distress, and to incur attorney's fees and costs to defend the collection case. Section 1692i(a)(2) requires a debt collector to bring a legal action to collect on a debt only in the judicial district or similar legal entity in which the consumer signed the contract sued upon or in which the consumer resides at the time of the action. The Seventh Circuit recently clarified that "judicial district" means "the smallest geographic area relevant to venue in the court system in which the case is filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 643 (7th Cir. 2014). Midland filed the collection case in Cook County's First Municipal District despite the fact that Whittler resides in the Sixth Municipal District.

Midland has moved to dismiss Whittler's ICFA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that Whittler cannot base an ICFA claim on a collection case filed in a judicial district that was not clearly improper under the law at the time of filing, that an ICFA claim cannot be based on the filing of a wrongful lawsuit, and that Whittler has failed to properly allege actual damages, the ICFA claim is dismissed with prejudice.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Midland sets forth five arguments as to why Whittler's ICFA claim should be dismissed: (1) an alleged violation of the FDCPA is not a *per se* violation of ICFA, (2) Whittler has not alleged a deceptive or unfair practice, (3) Whittler has no damages as required under ICFA, (4)

filing a collection suit does not constitute "trade or commerce" under ICFA, and (5) the ICFA claim is barred by the litigation privilege.

First, Whittler admits that an alleged violation of the FDCPA is not one of the enumerated statutes that gives rise to a *per se* violation of ICFA. *See* 815 Ill. Comp. Stat. 505/2E, 2Z; *Martis v. Pekin Mem'l Hosp. Inc.*, 917 N.E.2d 598, 604, 395 Ill. App. 3d 943, 334 Ill. Dec. 772 (2009) (where statute is not listed in section 2E or 2Z of ICFA, an unlawful practice claim cannot be implied based on the violation of that statute). As Midland must concede, however, Whittler may independently state an ICFA claim if all the elements of that claim are sufficiently pleaded even if a violation of the FDCPA does not automatically give rise to a violation of ICFA. *See Mehra v. Law Offices of Keith S. Shindler Ltd.*, No. 14-cv-7506, 2015 WL 1996793, at *2 ("While a violation of the FDCPA is not a *per se* violation of the ICFA, the same practice can violate both Acts. But Plaintiff must sufficiently allege an independent violation of the ICFA.").[1]

Next, Midland argues that Whittler has failed to identify an unfair act or deceptive practice under ICFA. To state an ICFA claim, Whittler must plead (1) a deceptive or unfair act or practice by Midland, (2) Midland's intent that Whittler rely on the deceptive or unfair practice, (3) the unfair or deceptive practice occurred in the course of conduct involving trade or commerce, and (4) Midland's unfair or deceptive practice caused Whittler actual damage. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010). Recovery may be had for conduct that is either deceptive or unfair. *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960, 201 Ill. 2d 403, 266 Ill.

---

[1] Judge Darrah issued three almost identical opinions addressing the same issue pending before this Court. The Court will cite to *Mehra*, the opinion issued in the lowest numbered case. The other two opinions were issued in *Mehra v. Law Offices of Keith S. Shindler Ltd.*, No. 14-cv-7509, 2015 WL 1994749 (N.D. Ill. Apr. 29, 2015), and *Witbrod v. Blitt & Gaines, P.C.*, No. 14-cv-8176, 2015 WL 1996803 (N.D. Ill. Apr. 29, 2015).

3

Dec. 879 (2002); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) ("A plaintiff may allege that conduct is unfair under ICFA without alleging that the conduct is deceptive."). A deceptive practices claim must meet Rule 9(b)'s heightened pleading standard, while an unfair practices claim need not because it is not based on fraud. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Conduct is considered unfair if it (1) violates public policy, (2) is "so oppressive that the consumer has little choice but to submit," or (3) causes consumers substantial injury. *Siegel*, 612 F.3d at 935. Whittler's complaint purports to allege both unfair and deceptive practices.

Viewed under either ICFA prong, the filing of the collection case in the First Municipal District instead of the Sixth Municipal District does not amount to an unfair or deceptive practice. Under Illinois law, Midland filed suit in the proper venue, as the First Municipal District is located in Cook County, the county in which Whittler resides. *See* 735 Ill. Comp. Stat. 5/2-101 (venue proper in county of defendant's residence or in county in which transaction out of which action arose occurred); *Mehra*, 2015 WL 1996793, at *2. Moreover, at the time the case was filed, the Seventh Circuit had interpreted the FDCPA's venue provision to mean that a collection case could be filed in any division of the Circuit Court of Cook County as long as the debtor lived in or signed the contract in Cook County. *Newsom v. Friedman*, 76 F.3d 813, 819 (7th Cir. 1996), *overruled by Suesz*, 757 F.3d 636. Only after the collection case was filed did the Seventh Circuit clarify that, for FDCPA purposes, Whittler's collection case should have been filed in the Sixth Municipal District. *See Suesz*, 757 F.3d at 643. But because the law surrounding proper venue under the FDCPA was at least unsettled at the time Midland filed the collection case, Midland was following *Newsom*, and even the Seventh Circuit in *Suesz* acknowledged that the FDCPA's venue language is vague, Midland did not engage in a

4

deceptive or unfair practice. *See Suesz*, 757 F.3d at 639 (noting that the "key statutory term—'judicial district'—is vague"); *Stern v. Norwest Mortg., Inc.*, 688 N.E.2d 99, 104, 179 Ill. 2d 160, 227 Ill. Dec. 762 (1997) (finding plaintiff could not bring ICFA deceptive or unfair practices claim where defendant "merely made an honest mistake concerning the interpretation of a statute that had yet to be construed"); *Lee v. Nationwide Cassel, L.P.*, 675 N.E.2d 599, 604, 174 Ill. 2d 540, 221 Ill. Dec. 404 (1996) (plaintiff could not state ICFA claim where alleged misrepresentation was based on unsettled question of law); *Cahnman v. Agency Rent-A-Car Sys., Inc.*, 701 N.E.2d 512, 515, 299 Ill. App. 3d 54, 233 Ill. Dec. 662 (1998) (assuming that defendant's conduct was prohibited, noting that court "would nevertheless conclude that there is no violation of the Consumer Fraud Act because until now the question was at best unsettled"). Although Whittler argues that his ICFA claim is not predicated on the success of his FDCPA claim and that analysis of the FDCPA's venue provision is thus not important to the viability of his ICFA claim, his pleading belies this argument. The only unfair or deceptive practice alleged is the filing of the collection case in the wrong venue under the FDCPA. *See, e.g.*, Compl. ¶ 34 ("Specifically, Midland's active participation in the Collection Case, with knowledge that the case was filed in the wrong district, was intended only to deceive Bruce into believing that the First Municipal District is the venue where he must defend the case, when in fact, he would have been able to defend the Collection Case in the more convenient Markham Courthouse."). Thus, Whittler's claim fails because he cannot allege an unfair or deceptive practice arising out of the fact that Midland filed the collection case in the First Municipal District instead of the Sixth Municipal District. *See Maldanado v. Freedman Anselmo Lindberg, LLC*, No. 14 C 6694, 2015 WL 2330213, at *4 (N.D. Ill. May 14, 2015) (plaintiff did not state ICFA claim where she did not dispute underlying debt or right to collect on it and the allegedly deceptive or unfair conduct

was "expressly authorized by Illinois' venue provision as well as binding Seventh Circuit precedent").

Although the Court could end its analysis here, it will address Midland's remaining arguments. Midland also argues that Whittler's claim should be dismissed because he has no actual damages and he did not allege that the conduct at issue proximately caused his damages. Whittler alleges that Midland's filing of the collection case in the improper venue caused him damage, including unnecessary time and energy in traveling to the wrong venue. But Whittler's complaint fails to properly allege actual damages. Whittler must allege "actual pecuniary loss." *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197, 382 Ill. App. 3d 620, 321 Ill. Dec. 257 (2008). Whittler alleges that he had to defend the collection case, causing him to incur attorneys' fees and costs, and that he suffered anxiety, mental anguish, and emotional distress as a result of Midland's actions. Compl. ¶¶ 22–23. But he has not alleged that the attorneys' fees and costs were incurred because the suit was filed in the First, instead of the Sixth, Municipal District or that he would not have incurred those costs if the collection case had been filed in the Sixth Municipal District. *See Henderson v. Blatt, Hasenmiller, Leibsker & Moore*, No. 14 C 7517, Doc. 48, at 5 (N.D. Ill. May 14, 2015); *Mehra*, 2015 WL 1996793, at *3. Thus, the attorneys' fees and costs do not qualify as "actual pecuniary loss."[2] Whittler also does not allege that he actually incurred any of the costs, such as parking fees, that he contends result from the filing of a case in a distant forum, preventing these costs from counting as actual damages here. And without any economic damages, Whittler's allegations of emotional damages are not sufficient to allow for recovery. *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053–54, 392 Ill.

---

[2] Although time and money spent defending a collection case may qualify as actual damages for ICFA purposes, *see Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012), the allegation here is not that the collection case itself was somehow deceptive or unfair (because, for example, the case was time-barred, as in *Armbrister*) but rather that filing the collection case in the improper venue was deceptive or unfair.

App. 3d 399, 331 Ill. Dec. 819 (2009) (plaintiff cannot state ICFA claim when he alleges damages consisting only of "emotional distress, inconvenience, and aggravation").

Midland further argues that the collection case is not "trade or commerce" as required to state an ICFA claim, but on this point Midland is incorrect. The collection case was part of Midland's attempt to collect on a delinquent consumer account, and the collection of delinquent consumer accounts has been found to qualify as "the conduct of trade or commerce as defined by the Consumer Fraud Act." *People ex rel. Daley v. Datacom Sys. Corp.*, 585 N.E.2d 51, 64, 146 Ill. 2d 1, 165 Ill. Dec. 655 (1991); *see also Mehra*, 2015 WL 1996793, at *3 (finding litigation in connection with collection case was "trade or commerce" under ICFA); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 944–45 (N.D. Ill. 2012) (debt collector may be "held liable under the ICFA as an 'active and direct' participant in the filing of the allegedly improper state court collection actions").

Finally, Midland argues that Whittler's ICFA claim is protected by an absolute litigation privilege. Whittler responds that Illinois limits that privilege to defamation or false light actions. *See Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 708 (N.D. Ill. 2006). There is another Illinois doctrine, however, that limits a plaintiff to a malicious prosecution or abuse of process claim for the wrongful filing of a lawsuit. *See Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983); *Slep-Tone Entm't Corp. v. Teddy O'Brian's, Inc.*, No. 14 C 3570, 2014 WL 4783048, at *3 (N.D. Ill. Sept. 24, 2014) ("As a matter of Illinois law, however, the filing of a wrongful lawsuit cannot be the basis for a fraud claim."). To the extent that Whittler's ICFA claim is premised on the wrongful filing of the collection case in the incorrect district, the claim is barred by this doctrine as well. *See PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, No. 04 C 7232, 2005 WL 2347209, at *5–6 (N.D. Ill. Sept. 21, 2005)

7

(dismissing ICFA unfair competition claim "based on the defendant's improper use of litigation as a means of competition").

## CONCLUSION

For the foregoing reasons, Midland's motion to dismiss Count II [15] is granted. Whittler's ICFA claim (Count II) is dismissed.

Dated: May 27, 2015

SARA L. ELLIS
United States District Judge